IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM L.A. CHURCH, Plaintiff, | ) | Civil Action No. 7:22-cv-00519 |
| v. | ) | |
| COMMONWEALTH OF VIRGINIA, *et al.*, Defendants. | ) | By: Elizabeth K. Dillon United States District Judge |

**MEMORANDUM OPINION AND ORDER**

William L. A. Church, an inmate in the custody of the Virginia Department of Corrections and proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. Although Church paid the full filing fee, his complaint was nonetheless subject to screening under 28 U.S.C. § 1915A(a). By memorandum opinion and order entered October 6, 2022, the court conducted that screening and dismissed Church's complaint in its entirety. The court reasoned that many of his claims were not properly brought in a § 1983 case, some failed to state a valid claim, and some were subject to dismissal because he had sued defendants who were not proper § 1983 defendants or were otherwise immune. (Dkt. Nos. 4, 5.) The court further noted that Church's complaint also contained misjoined claims and defendants. (Mem. Op. 6–8, Dkt. No. 4.)

Although it dismissed his lawsuit, the court instructed Church that he could "file an amended complaint, so long as it does not include unrelated claims against different defendants. He may choose which claim or claims to include, except that his amended complaint may not contain any claims challenging his convictions." (Order 1, Dkt. No. 5.) It gave him thirty days to file his amended complaint. (*Id.*) Rather than filing an amended complaint, Church filed a motion to reconsider. (Dkt. No. 6.) For the reasons discussed herein, the court will deny the

motion to reconsider. However, the court will allow Church an additional thirty days to file an amended complaint that complies with the court's directions.

## I. CHURCH'S MOTION TO RECONSIDER

Church's motion to reconsider is titled "Plaintiff's Objections to the Court's Memorandum Opinion of 10-6-22 and Plaintiff's Motion to Reconsider the 10-6-22 Memorandum Opinion." (Dkt. No. 6.) The entirety of that motion (except for the 45 pages of attached documents) is devoted to pointing out various errors Church believes the court committed in its opinion and order. For example, he claims repeatedly that his complaint does not challenge "his" convictions, but convictions obtained by others using his name.[1] He also contends that the relief he seeks related to those convictions is available under § 1983 because he is attempting to use § 1983 to obtain testing and other evidence of his actual innocence, which he claims need not be brought in habeas. He argues that his allegations are not fanciful and insists that he has provided affidavits with exhibits that the court is refusing to review. According to him, those exhibits, as well as national news, confirm his conspiracy allegations. As to the entities that the court said were improper parties to a § 1983 action or the individuals the court said had immunity, Church contends that the entities were properly named because other defendants work for those entities and he suggests that prosecutors are not immune for violations of the U.S. Constitution as set forth in his complaint. (*See generally id.*)

Church also takes issue with the court reviewing prior cases he has filed or citing to them, and he argues that the court erred by conducting its own "investigation" to find those cases. He

[1] Whether or not the convictions are "his" is a matter of semantics. The court understands that Church maintains that he did not commit certain crimes and that they were committed by other persons illegally using his name or social security number or otherwise impersonating him. If that were true of a particular conviction, the conviction could be invalid on that basis, as applied to him. But if a conviction appears in his criminal record or is otherwise attributed to him, the court refers to it as "his conviction."

accuses the court of improperly weighing evidence and of abusing its discretion in various ways. He further requests that the court determine "who and what defendants [it] is allowing to be sued," and he states that his amendment cannot be filed until the court does so. (*Id.* at 10, 11.)

II. DISCUSSION

Because Church's motion to reconsider was filed within the twenty-eight-day window set forth in Federal Rule of Civil Procedure 59(e), the court treats it as a motion to alter or amend the judgment under that rule. As the Fourth Circuit has explained, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted). A court may alter or amend the judgment under Rule 59(e) if the movant shows "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). The court believes that Church is proceeding only under the third of these bases for relief in that he has identified a number of alleged errors made by the court. The court also considers whether its prior ruling worked a "manifest injustice."

The court has considered Church's arguments and concludes that none of them require the court to reconsider or amend its prior order. It briefly addresses some of those arguments.

As an initial matter, Church is correct that § 1983 can be used, in certain circumstances, to obtain evidence related to a prior conviction, at least so long as success on the claim would not necessarily imply the invalidity of the conviction or sentence and the claim is not otherwise

barred by the *Rooker-Feldman* doctrine.[2] *See, e.g.*, *Skinner v. Switzer*, 562 U.S. 521 (2011) (concluding that plaintiff could use § 1983 to challenge the constitutionality of a state law related to DNA testing and to seek an injunction requiring DNA testing related to his conviction). But as Church was advised in a prior case in which he relied on *Skinner* to raise identical claims, *Skinner* is not applicable to his claims. Just like his earlier case, his complaint here "does not base his request for relief on any post-conviction right created by state law but, in essence, seeks to reinitiate the entire criminal proceedings that resulted in his conviction." *Church v. Oklahoma Corr. Indus.*, No. CIV-10-1111-R, 2011 WL 4376222, at *4 & n.4 (W.D. Okla. Aug. 15, 2011), *report and recommendation adopted,* No. CIV-10-1111-R, 2011 WL 4383225 (W.D. Okla. Sept. 20, 2011), *aff'd,* 459 F. App'x 806 (10th Cir. 2012).

Instead, and as other courts have explained to him previously, his claims that he is not the same "William Church" who was convicted of rape and forcible sodomy in Virginia, or that others were impersonating him in committing those crimes, call into question his conviction. Thus, his "lawful remedy isn't a § 1983 damages action but a habeas petition. *See Church v. United States*, 2008 WL 5704482 (E.D. Va. 2008) (explaining the same in an earlier case filed by Mr. Church)." *Church v. Okla. Corr. Indus.*, 459 F. App'x 806, 2012 WL 1035391, at *1 (10th Cir. 2012). This court has now ruled the same. (Mem. Op. 5.)

Even if Church's intent in his original complaint was to obtain evidence related to certain convictions—as opposed to more direct challenges to his convictions—and even if some of his claims related to his convictions were properly brought in § 1983, his complaint still contained

[2] Based on *Rooker v. Fed. Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983), this doctrine "holds that lower federal courts are precluded from exercising appellate jurisdiction over final-state-court judgments." *Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 872 F.3d 314, 319 (4th Cir. 2016) (citation omitted). It is a "narrow and focused" doctrine, "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (citations omitted).

misjoined claims and defendants. As the court has explained, Church may not bring a host of unrelated claims in a single lawsuit by pointing to a vast conspiracy that allegedly ties together nearly everything that has ever happened to him.

Nor is it—contrary to Church's belief—the court's obligation to tell him which claims he may or may not bring or what defendants he may or may not name in an amended complaint. Church may file an amended complaint containing properly joined claims. Or he may file multiple complaints, each asserting a single claim. Upon payment of the filing fee or his being permitted to proceed *in forma pauperis*, the court will review his claims in each case he files. But as the court explained in its prior order, the Prison Litigation Reform Act does not allow him to file a lawsuit like his original complaint and pay a single filing fee. (Mem. Op. 6–8.)

## III. CONCLUSION AND ORDER

For the foregoing reasons, it is ORDERED that Church's motion to reconsider (Dkt. No. 6) is DENIED. The court will permit Church one final opportunity to file an amended complaint, if he so chooses, and he shall have thirty days to do so. As the court instructed in its last order, any amended complaint may include one or more claims, so long as it does not include unrelated claims against different defendants or claims directly challenging the validity of his convictions or sentences.

If Church includes more than one claim or defendant, he must comply with Rules 18 and 20 of the Federal Rules of Civil Procedure. Additionally, if he wants to pursue claims that cannot be joined with whatever claim he asserts first in this lawsuit, he may file a separate lawsuit (or lawsuits) containing those claims.

Any amended complaint that Church he files must be a new pleading, complete in all respects, which stands by itself without reference to any earlier-filed complaint, documents, or

attachments. Church's amended complaint must list each of his claims separately. Additionally, each claim: (1) must be numbered; (2) should contain a title clearly stating what constitutional rights he believes were violated or what type of claim it is; (3) should clearly indicate which defendants are named as to that claim; and (4) must provide specific facts to support that particular claim.

**If Church elects not to file an amended complaint within thirty days, then he will have waived his right to file an amended complaint in this case, and the court will enter a final judgment of dismissal. At that point, he may file a notice of appeal if he so chooses.**

The clerk shall send to Church a copy of this order and a blank complaint form that he may use to file an amended complaint.

Entered: February 9, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT
Western District of Virginia

Dillon
District Judge
(Assigned by Clerk's Office)

Hoppe
Mag. Referral Judge
(Assigned by Clerk's Office)

**CIVIL ACTION NO.** 7:22cv00519
(Assigned by Clerk's Office)

For use by Inmates filing a Complaint under

**CIVIL RIGHTS ACT, 42 U.S.C. §1983 or BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)**

William L. A. Church — 1012080

Plaintiff Name — Inmate No.

v.

Defendant Name & Address

Defendant Name & Address

Defendant Name & Address

Defendant Name & Address

Defendant Name & Address

Defendant Name & Address

**IF YOU NEED TO ADD MORE DEFENDANTS, USE A SEPARATE SHEET OF PAPER, AND PUT NAME AND ADDRESS FOR EACH NAMED DEFENDANT.**
**TITLE THE SECOND PAGE "CONTINUED NAMED DEFENDANTS"**

*********************************************************************************************

**A. Where are you now?** Name ***and*** Address of Facility:

**B.** Where did this action take place?

______________________________________________________________________

**C.** Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

_____ Yes _____No

If your answer to A is Yes, answer the following:

1. Court: ______________________________________________________

2. Case Number:________________________________________________

**D.** Have you filed any grievances regarding the facts of this complaint?

_____Yes _____No

1. If your answer is Yes, indicate the result:

______________________________________________________________________

______________________________________________________________________

2. If your answer is No, indicate why:

**E.** Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:
(Additional Supporting Facts may be placed on a separate paper titled ADDITIONAL SUPPORTING FACTS)

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

**F.** State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

**G.** If this case goes to trial, do you request a trial by jury? Yes______ No ______

**H.** If I am released or transferred, I understand it is my responsibility to immediately notify the court in writing of any change of address ***after*** I have been released or transferred or my case may be dismissed.

DATED:____________________ SIGNATURE: ________________________________

VERIFICATION:
I,________________________________________, state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED:______________________ SIGNATURE: ____________________________________

When submitting handwritten documents, leave enough space at the top, the bottom, and the sides. Those documents are scanned into the Court's database by hand, which is then the official record.

Please do not use tape or staples on documents.