IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM L.A. CHURCH, ) | |
|     Plaintiff, ) | Civil Action No. 7:22-cv-00519 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| COMMONWEALTH OF VIRGINIA, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

William L. A. Church, an inmate in the custody of the Virginia Department of Corrections and proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. Although Church paid the full filing fee, his complaint was nonetheless subject to screening under 28 U.S.C. § 1915A(a). By memorandum opinion and order entered October 6, 2022, the court conducted that screening and dismissed Church's complaint in its entirety. (Dkt. Nos. 4, 5.) It gave him an opportunity to file an amended complaint, with certain restrictions.

Church instead filed a motion to reconsider, which the court denied. (Dkt. Nos. 6, 7.) The court again allowed him another opportunity to file an "amended complaint that complies with the court's directions." (Mem. Op. & Order 2, 5–6, Dkt. No. 7.) Among other directions, the court expressly stated that the complaint should not "include unrelated claims against different defendants or claims directly challenging the validity of his convictions or sentences." (*Id.* at 5; *see also id.* at 5–6 (requiring also that the amended complaint be a new pleading that stands by itself, and that it separately list each claim, with the claims numbered, identifying the defendants named as to each and providing the facts to support each)).

In response to that order, Church has submitted an amended complaint. (Dkt. No. 10.) It names seven defendants. It repeats many of the same allegations as were in his original

complaint, and it includes multiple challenges to his conviction or sentence. For example, he asserts claims against multiple defendants for failing to intervene or for "covering up" the fact that Church is not the individual convicted of the offenses for which he is serving his sentences. He also seeks injunctive relief related to showing that he is not the person who committed the offenses or the person convicted for them. (*See generally* Am. Compl. 19–22.) Indeed, the primary goal of his complaint appears to be aimed at undermining his convictions or sentences.

As the court expressed in its first opinion leading to the dismissal of his original complaint, "[m]any of Church's allegations relate to his criminal convictions and elaborate on his theory of a vast and longstanding conspiracy against him." (Mem. Op. 4, Dkt. No. 4.) As another court recognized in dismissing a similar complaint, his claims "of byzantine conspiracy theories and government manipulations" are factually frivolous. (*Id.* (citation omitted).) This court further explained:

> [C]hallenges to a state inmate's conviction or incarceration are properly brought in a habeas action under 28 U.S.C. § 2254, not a civil rights action. And, as the Eastern District noted in *Church [v. U.S. Gov't*, No. 3:07CV129-HEH, 2008 WL 5704482 (E.D. Va. Jan. 29, 2008)], any claims for civil damages based on Church's allegedly false imprisonment are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Church*, 2008 WL 5704482, at * 3.

(*Id.* at 5.)

These are the reasons why the court prohibited Church from raising challenges to his conviction and sentence in his amended complaint. But he has ignored that prohibition and has failed to abide by the court's directions with regard to the filing of his amended complaint. He was warned of the consequences of doing so, including that a failure to file a complaint consistent with the court's instructions could result in the dismissal of this case. (Order 2, Dkt. No. 5; *see also* Mem. Op. & Order 6, Dkt. No. 7.) His conduct warrants dismissal of this case.

*See Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989) (holding district court's dismissal of case for failing to comply with the court's directives was not an abuse of discretion, especially after the plaintiff received a warning). As the *Ballard* court explained, particularly after giving a warning, the district court had "little alternative to dismissal" and "[a]ny other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 96.

An appropriate order will be entered.

Entered: June 22, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge